## JOHN H. CHATTERTON v. THE CENTRAL ACCIDENT INSURANCE COMPANY OF PITTSBURG, PA.

Submitted March 21, 1902—Decided June 9, 1902.

Where a policy of accident insurance insures to a married woman the payment of a certain sum per week for the injuries set forth in a schedule referred to in the policy and forming a part thereof, and also insures the payment of a fixed sum to the husband in case of death, the right of recovery by the husband, in case of the death of the insured from accidental burning, is not barred because in the schedule referred to it is provided that "accidents resulting in bodily injuries not specifically named therein are not covered under the woman's policy;" that schedule refers only to certain injuries for which the specific sum per week is to be paid for the number of weeks mentioned therein and does not refer to cases of accidental death.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Thomas E. French.*

For the defendant, *David J. Pancoast.*

The opinion of the court was delivered by

GARRETSON, J.   The declaration is upon a policy of accident insurance, by which the defendant agrees, in case of the death of Grace C. Chatterton from certain injuries, to pay the plaintiff, her husband, $5,000.   The declaration alleges that Grace C. Chatterton died from accidental burning.   A copy of the policy, of the application and of Schedule A, which are parts of the policy, are annexed to the declaration.

The company, by the policy, insured Grace C. Chatterton as follows: "In the sum of fifteen dollars per week for the time and injuries set forth in Schedule A attached hereto; said injuries caused solely during the term of this insurance by external, violent and accidental means, and for no other or greater benefits except as set forth hereinafter; or if the entire loss of one hand or foot by severance at or above the wrist or ankle shall result from such injuries alone within ninety days, will pay the insured one-third the principal sum therein named as a specific indemnity; or if such injuries shall, within ninety days, be the sole and direct cause of the irrecoverable loss of the entire sight of one eye, will pay the insured one-eighth of said principal sum as a specific indemnity; or in the event of the entire loss of two hands or two feet, or of one entire hand and one entire foot by severance at or above the wrist or ankle; or of the entire and irrecoverable sight of both eyes within ninety days solely through the injuries aforesaid, will pay the insured the full principal sum aforesaid; provided she survives said ninety days; or if death shall result from such injuries alone within

ninety days, will pay the principal sum of five thousand dollars, and additions hereinafter provided, to John H., husband, the legal representative or assigns of the insured."

The application for insurance, which is part of the policy, is "6, Insurance in case of accidental death to be $5,000." Schedule A deals only with certain bodily injuries; it does not deal with cases of death. It distinctly states that it "shall not in any way be construed as varying any of the conditions of the policy to which it is attached, except as to the time of disability from accident for the specific injuries named therein."

It contains a list of injuries, consisting of losses of certain members, and the fracture and dislocation of certain bones and joints, and follows each with the number of weeks for which the sum named in the policy is to be paid. This schedule also contains this clause: "Accidents resulting in bodily injuries not specifically named therein are not covered under the woman's policy." It does not say that accidents resulting in death are not covered by the woman's policy. Schedule A in no way applies to cases of death, only to cases of specific injuries, and the clause relating to women's policies refers only to the injuries specified in the schedule, and prevents recovery under a woman's policy of any weekly sum for any injuries not contained in the schedule.

The defendant claims that under the policy and schedule the plaintiff cannot recover for death caused by accidental burning, or, to use the language of the policy, by external, violent and accidental means being burning, unless he further shows that the accidental burning caused some of the injuries mentioned in Schedule A, and therefrom death ensued. We cannot so construe this policy and the schedule. The clear reading of the policy is that the insured is to receive $15 a week for any of the injuries set out in Schedule A, which have been caused by "external, violent and accidental means," and that if any of the following causes occur within ninety days, that she shall receive one-third of the principal sum of the policy for the entire loss of a hand or

foot, which injury has been caused solely by external, violent and accidental means; that she shall receive one-eighth of the principal sum of the policy for the irrecoverable loss of the entire sight of one eye, which injury has been caused solely by external, violent and accidental means; that she shall receive the full principal sum of the policy for the entire loss of two hands or two feet or of one entire hand and one entire foot by severance at or above the wrist or ankle, or of the entire and irrecoverable sight of both*eyes, which injuries have been caused solely by external, violent and accidental means. These are to be paid if she survives the ninety days; if death shall result from injuries caused solely by external, violent and accidental means, then the principal sum of $5,000 and additions shall be paid to her husband. The policy, read in connection with the application and Schedule A, is an absolute and unqualified agreement to pay $5,000 upon death resulting from, external, violent and accidental means other than those exempted in the policy, and does not depend upon death resulting from any of the injuries mentioned in Schedule A. The plaintiff has alleged in his declaration that the insured "died solely from the effects of a burning caused by an accidental fire, which burning caused injuries enumerated in said policy, caused solely during the term of said insurance by external, violent and accidental means."

To this declaration the defendant demurred, and assigned for causes that the facts alleged disclose no right of action; that the injury or cause of death set forth is not insured against in and by the policy, and that death from the effects of a burning by an accidental fire is not an event insured against or covered by the policy.

The policy, with the application and Schedule A, is set out in the declaration, and a copy thereto annexed and forming part of the declaration, and we think that the averment in the declaration of the liability of the defendant is sufficient, and sustained by the proper construction of the policy.

The demurrer is overruled, with costs.